Filed 7/1/13  P. v. Fuller CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PATRICK FULLER et al.,<br><br>Defendants and Appellants. | B244731<br><br>(Los Angeles County<br>Super. Ct. Nos. TA122594, TA120194) |

THE COURT:[*]

Defendants Patrick Fuller (Fuller) and Christopher Session (Session) appeal following their pleas of "no contest" pursuant to a plea bargain.  Fuller pleaded "no contest" to one count of attempting to dissuade a witness in violation of Penal Code section 136.1, subdivision (a)(2).[1]  He admitted that the offense was committed for the benefit of, at the direction of, and in association with a criminal street gang pursuant to section 186.22, subdivision (b)(1)(B).  He admitted a five-year prior conviction allegation (§ 667, subd. (a)) and a one-year prior conviction allegation (§ 667.5, subd. (b)) for a total of 15 years in state prison.  Session pleaded "no contest" to the same charges and allegations and additionally to one count of exhibiting a concealable firearm in public in

---

[*]     BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

[1]     All further references to statutes are to the Penal Code unless stated otherwise.

violation of section 417, subdivision (a)(2), a misdemeanor. He admitted the allegation that the offense occurred in a public place and the firearm was a pistol. Session's sentence was also 15 years in state prison. The sentences consisted of four years each (the midterm of two years doubled because of the strike priors) for attempting to dissuade a witness and consecutive terms for each defendant of five years for the gang allegations, five years for one of the prior serious felony allegations, and one year for one of the prior prison term allegations. The trial court also imposed a concurrent six-month term on Session for his misdemeanor offense.

Fuller filed a notice of appeal but did not file a request for a certificate of probable cause. He indicated that the appeal was based on the sentence or other matters occurring after the plea that did not affect the validity of the plea. Session indicated that his appeal was based on the sentence or other matters, the denial of a motion to suppress evidence,[2] and on a challenge to the validity of the plea. His request for a certificate of probable cause was denied.

We appointed counsel to represent defendants on this appeal. After examination of the record, counsel filed "Opening Briefs" acknowledging that they had been unable to find any arguable issues. On February 20, 2013, we advised Fuller and Session that they had 30 days within which to personally submit any contentions or issues that they wished us to consider. No subsequent response has been received, although Session wrote a letter, filed February 14, 2013, in which he alleged ineffective assistance of counsel in connection with his plea.

The evidence presented at defendants' preliminary hearing showed that Brian M. was riding his bicycle when he heard someone shouting at him. He stopped and saw an angry-looking man, later identified as Session, approaching him. A woman appeared, and Session told her to get his "stuff." She reappeared with a gun that had a banana clip and gave it to Session. Brian approached Session because he thought Session was calling him for a reason. Session then gave the gun back to the woman. Session told Brian,

---

[2]     The record contains no motion to suppress evidence.

"Somebody stole that bike from me." Brian protested that it was his cousin's bike, but Session told him to get off the bike and to go and get whoever stole it. Session took the bicycle to the house from which the woman had emerged. Brian told some family members what had happened, but he did not tell them about the gun. Brian told the police about the gun, drew a picture of it, and identified a similar gun in a photograph. The police identified the gun as an AK-47.

Brian's uncle and his aunt, Letia Merriweather, drove to the location where the bicycle was taken. Brian rode there with his grandmother in a second car. Session and two other men were there. Merriweather asked Session for the bicycle. Session kept saying "It's nothing." He stood up and approached the car in which Merriweather was riding. At that point, Merriweather saw Session pull a weapon from his clothing. It was a gun with an extended clip. She and her companions drove away and called 911.

When police officers arrived, Session ran to the rear of the residence but then returned with his hands up. Police found a Beretta pistol inside a trash can in the rear yard. There was a live round in the chamber and a full magazine with 30 rounds. Fuller and another male were briefly detained.

It was established that calls were subsequently made on a cell phone from a monitored jail cell occupied solely by Session. He said, "They got me for robbery." He also told a male that he needed to contact the people "on 118th and Main" and talk to them regarding the case. The male stated, "I told Linda to call the girl to tell the people not to go to court." This caller was called "Pat Rat" and was identified as Fuller. Fuller also stated he had gone to the area of 118th Street and Main Street to look for the people but had not found them. Session repeatedly mentioned, "11-8" and "East Coast" during the calls.

A gang expert testified that he was familiar with the 118 East Coast Crips. He knew Session as a proud member of the gang. He knew Fuller to be a member of the gang. He believed the robbery and attempted witness dissuasion were committed for the benefit of the gang.

3

The record shows that, at the taking of the plea, Session acknowledged that he faced a term of 21 years solely on the counts to which he agreed to plead. Fuller acknowledged that he faced a term of 48 years to life solely on the one count to which he agreed to plead. Both Session and Fuller confirmed to the court that they wished to accept the People's offer. The court informed the defendants that their attorneys had attempted to get a lower sentence for each of them. The People had rejected Session's counteroffer of 13 years. The court told Session it would not have been able to give him anything less than a life sentence due to the gang allegation. The court told Fuller it could not give him less than 20 years because of the four five-year priors. The defendants had no questions for the court. After being advised of all the charges, defendants stated they understood them. They confirmed their acceptance of the details of the plea bargain. Defendants were advised of their constitutional rights and the consequences of the pleas.

Section 1237.5 provides, in pertinent part, "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal . . . ." California Rules of Court, rule 8.304(b) sets forth both the section 1237.5 rule and its exceptions. If the trial court denies a certificate of probable cause, the appeal is inoperative unless the appeal is based on the denial of a motion to suppress evidence or on grounds that arose after entry of the plea and do not affect the plea's validity.

Moreover, those issues that relate to a defendant's sentencing in accordance with the plea bargain to which he agreed may not be raised on appeal. In *People v. Panizzon* (1996) 13 Cal.4th 68, 89, the Supreme Court held that where a defendant is sentenced in accordance with the terms of a plea bargain that provides for a particular sentence, and then attempts to challenge that sentence on appeal, he must secure a certificate of

4

probable cause. The court explained that since the defendant is "in fact challenging the very sentence to which he agreed as part of the plea," the challenge "attacks an integral part of the plea [and] is, in substance, a challenge to the validity of the plea, which requires compliance with the probable cause certificate requirements of section 1237.5 and [former] rule 31(d)." (*Id.* at p. 73; accord *People v. Cuevas* (2008) 44 Cal.4th 374, 382-384.) In *People v. Mendez* (1999) 19 Cal.4th 1084, the California Supreme Court interpreted former rule 31(d), which corresponds to current rule 8.304(b)(1)-(3), and held that section 1237.5 and its implementing rules of court "should be applied in a strict manner." (*People v. Mendez*, *supra*, at p. 1098.)

The record clearly shows that the parties expressly agreed to imposition of a 15-year sentence in each defendant's case. Defendants were facing higher sentences merely on the charges to which they pleaded. Numerous counts and allegations were dismissed.[3] Since defendants received the sentences for which they bargained, any challenge to the sentences constitutes a challenge to the validity of the plea. (*People v.*

---

[3] In addition to the counts to which the defendants pleaded, the amended information charged Session in count 1 with robbery (§ 211) accompanied by a gang allegation (§ 186.22, subd. (b)(1)(C)), an allegation of personal use of an assault rifle (§ 12022.5, subd. (b)), and an allegation of personal use of a rifle (§ 12022.53, subd. (b)). In counts 2 and 7, he was charged with being a felon in possession of a firearm (§ 29800, subd. (a)(1)) with a gang allegation. In count 4, he was charged with a violation of section 25850, subdivision (a), carrying a loaded firearm while being an active participant in a street gang under section 25850, subdivision (c)(3). In count 5, both Session and Fuller were charged with conspiracy to commit a violation of section 136.1 (witness intimidation) under section 12022, subdivision (a)(1).

The amended information alleged that Fuller suffered five prior prison terms within the meaning of section 667.5, subdivision (b) and four prior strike convictions pursuant to sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i) and 667, subdivision (a)(1). It alleged that Session had suffered two prior convictions under section 667.5, subdivision (b), a prior conviction pursuant to section 667, subdivision (a), and a prior strike conviction pursuant to sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i). All of these charges and allegations were dismissed pursuant to the plea bargain.

5

*Cuevas*, *supra*, 44 Cal. 4th at p. 384.)  In the absence of certificates of probable cause, we must dismiss the appeals.

We have examined the entire record and are satisfied that defendants' attorneys have fully complied with their responsibilities and that no arguable issues exist.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The appeals are dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.